## SHOOK v. NEWSOME. (No. 1195.)

(Court of Civil Appeals of Texas. El Paso. March 10, 1921.)

**1. Trial ⬯215—Failure to apply instruction as to burden of proof to special issue held not error, where there was no conflict.**

In an action for the negligent killing of a borrowed mule, where all the evidence as to the cause of the death of the mule came from defendant's witnesses, and the only question was whether the manner of use of a hackamore in handling the animal was negligence, the failure to extend an instruction placing the burden of proof on plaintiff to a special issue requested by defendant .as to whether the mule died as the result of any act of negligence of defendant was not error. (Per Walthall, J.)

**2. Trial ⬯215—Failure to extend instruction on burden of proof to special issue, which was the same as another issue, held not error.**

In an action for the negligent killing of a borrowed mule, where the court submitted an issue as to whether the death of the mule was caused by defendant's negligence, and charged that the burden of proof was on plaintiff, and defendant requested a special issue as to whether the mule died as the direct or proximate result of any negligence on his part, the failure to extend the instruction on the burden of proof to such special issue was not error, as the issue was the same as that submitted in the general charge. (Per Harper, C. J.)

Appeal from Haskell County Court; Jas. P. Kinnard, Judge.

Action by W. T. Newsome against M. S. Shook. From a judgment for plaintiff, defendant appeals. Affirmed.

McConnell & Grissom, of Haskell, for appellant.

Murchison & Davis, of Haskell, for appellee.

WALTHALL, J. This case presents a suit for damages for the negligent killing of a mule, of the agreed value of $200, brought by appellee, Newsome, against appellant, Shook. The special issues upon which the case was submitted to the jury sufficiently show the matters in controversy.

Under the issues submitted the jury found that Shook borrowed the mule in question from Newsome; that the death of the mule was caused by the negligence of Shook, his agents or employees. Following the above issue the court, in the general charge, properly defined negligence, and placed the burden of proof upon plaintiff, Newsome, to establish the affirmative of the foregoing issues.

Appellant then presented to the court his special charge, as follows:

"You will answer the following issue or question: Did the mule in controversy in this case die as the direct or proximate result of any act of negligence on the part of the defendant or his agent or employees? Answer yes or no."

The court gave the charge as submitted. The jury answered "yes."

The only question presented on this appeal is the failure of the court to extend the burden of proof and make it apply to the issue submitted in the above special charge. The court had already placed the burden of proof on the issue of negligence on plaintiff.

[1] The special charge was not a resubmission of the issue of negligence. There was no controversy in the evidence as to the cause of the death of the animal. The only controversy was on the first issue as to whether Moore borrowed the animal. All of the evidence as to the cause of the death of the animal came from the defendant's witnesses, and it only remained for the jury to determine whether the use and the manner of the use of the hackamore, by defendant's employees, in handling the animal, under all of the facts and circumstances disclosed by the evidence, was negligence. In other words, on the issue of negligence the plaintiff, under the circumstances disclosed by the record, was not called upon to show by other additional and preponderating evidence any fact or circumstance other or different from that disclosed by the defendant's employees then handling the animal. It was not a question of comparison of evidence between conflicting statements of witnesses, but the question was: Does the undisputed evidence of defendant's employees show negligence in their manner of handling the animal?

Judge HIGGINS concurs in the affirmance only.

Finding no reversible error, the case is affirmed.

HARPER, C. J. (concurring). This action was brought by Newsome against Shook for the value of a mule. For cause of action plaintiff alleged. that he loaned the mule to defendant and through the negligence of the latter it was killed. From a judgment for $200 for plaintiff, defendant has appealed.

The only question presented is: Did the trial court's charge sufficiently place the burden of proof upon plaintiff? The general charge contains the following special issues:

(1) Did the defendant borrow the mule from plaintiff?

(2) Was the death of the mule caused by the negligence of defendant, his agents or employees?

And the following:

"The burden of proof is upon the plaintiff to establish the affirmative of the foregoing questions by a preponderance of the evidence."

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

At the request of the defendant the court submitted the following special question:

"Did the mule in controversy in this case die as the direct or proximate result of any act of negligence on the part of the defendant or his agents or employees?"

[2] The assignment and proposition is that it was error to confine the charge on the burden of proof to the first two special issues only, and not to specifically extend it to special issue No. 3. There was no error, because question No. 3 submits the same issue as question No. 2, viz. the negligence of defendant. The questions were different in form, but submitted the same question of fact, the answer to which, pro or con, determined the issue.